UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   v.<br><br>KRIS BORTNOVSKY | 25-10171-WGY |

## DEFENDANT'S ASSENTED-TO MOTION TO CONTINUE TRIAL

Kris Bortnovsky moves pursuant to 18 U.S.C. § 3161(h)(7)(A) and Local Rule 40.3 to continue the trial currently scheduled for October 19, 2026, and to reschedule trial to the week of March 22, 2027. The Government assents to this request.

The ends of justice require more time. New counsel entered this case five weeks ago and will not have access to the Government's 12-terabyte production— the equivalent of 200 million pages—until approximately May 27, 2026. No member of the current defense team is prepared to try this case on October 19, 2026. Under 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by a continuance to March 22, 2027, outweigh the best interest of the public and the defendant in a speedy trial.

## BACKGROUND

On May 6, 2025, a grand jury returned a six-count Indictment charging Mr. Bortnovsky with conspiracy to commit securities fraud, 18 U.S.C. §§ 1349, 371; securities fraud and aiding and abetting, 18 U.S.C. §§ 1348, 2; 15 U.S.C. §§ 78j(b), 78ff(a); 17 C.F.R. § 240.10b-5; false statements, 18 U.S.C. § 1001(a)(2); and

obstruction of justice, 18 U.S.C. §§ 1512(b)(1), 3147. ECF No. 1. The Indictment alleges a multi-year insider trading scheme spanning August 2017 through May 2019, involving at least four co-conspirators trading through personal brokerage accounts, a hedge fund, and a private fund management company across four publicly traded securities. ECF No. 1 ¶¶ 13–55. The criminal case cover sheet reflects twenty-two related search warrant matters and four related criminal cases. The Government's investigation has been ongoing since at least 2018.

A parallel civil enforcement action brought by the Securities and Exchange Commission, arising from the same underlying conduct, has been pending in this District since January 2022. *SEC v. Schottenstein et al.*, No. 1:22-cv-10023 (D. Mass. 2022). The case is currently stayed. ECF No. 28.

On July 10, 2025, Mr. Bortnovsky made his initial appearance in the instant case and was released on bond. ECF Nos. 22, 24. At the December 22, 2025, Initial Status Conference, the Court set trial for October 19, 2026, with a Final Pretrial Conference on September 28, 2026, and dispositive motions due September 8, 2026. ECF No. 62.

On April 9, 2026, the Court granted current defense counsel's motions to appear *pro hac vice*. ECF Nos. 80-81. Counsel immediately began preparing for trial: counsel contacted prior counsel to coordinate transfer of the discovery and, upon receipt of five hard drives containing the Government's productions, began identifying and engaging a qualified e-discovery vendor capable of hosting and indexing 12 terabytes of data. Defense counsel also met and conferred with counsel

for the Government on April 16, May 8, and May 14, 2026, addressing the scope, format, organization, and logistics of the Government's discovery productions.

The e-discovery vendor received the Government's productions on May 8, 2026, and immediately began processing it for attorney review. The vendor estimates defense counsel will be able to begin reviewing discovery by May 27, 2026.

On May 18, 2026, and May 21, 2026, Mr. Bortnovsky's prior counsel moved to withdraw, citing an irretrievable breakdown in communication with the defendant. ECF Nos. 82, 86. This is undersigned counsel's first motion to continue the trial date.

## ARGUMENT

A continuance is warranted on two independent grounds. First, the Speedy Trial Act's ends-of-justice provision expressly authorizes, and in this case necessitates, the requested continuance. Second, the constitutional guarantees of due process and effective assistance of counsel reinforce the need for additional time. The Government assents.

## I.    The Interests of Justice Support a Continuance Under The Speedy Trial Act

Under 18 U.S.C. § 3161(h)(7)(A), the Court may exclude time upon finding that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial. Two independent statutory pathways support the requested relief.

First, § 3161(h)(7)(B)(ii) authorizes exclusion where "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." Second, § 3161(h)(7)(B)(iv) separately authorizes exclusion where "failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  Both provisions are satisfied here.

**A. This Case Qualifies as Complex Under § 3161(h)(7)(B)(ii).**

The discovery volume alone is dispositive. The Government has produced more than 12 terabytes of data—the equivalent of more than 200 million printed pages—encompassing years of financial records, trading data, electronic communications, brokerage account records, and surveillance materials.  Courts have designated cases as complex under the Speedy Trial Act on comparable or smaller productions. *See, e.g.*, *United States v. Raniere*, No. 18-CR-204 (E.D.N.Y. 2018) (designating case complex based on 10–12 terabytes, noting one terabyte equals "12 library floors' worth of books"); *United States v. Budovsky*, No. 13-CR-368 (S.D.N.Y. 2016) (granting consecutive continuances for voluminous discovery); *United States v. Conley*, No. 22-CR-94 (E.D. Va. 2023) (granting continuance where 4.3 terabytes left defense without adequate preparation time; "[t]o require defense counsel to proceed to trial without adequate time to review discovery materials would be a disservice to the Defendants and contrary to the interests of justice"); *United States v. Jain*, No. 19-CR-59

(S.D.N.Y. 2020) (excluding time under the Speedy Trial Act where Government produced 5 terabytes shortly before trial); *United States v. Güven*, 2026 WL 146686 (S.D.N.Y. 2026) (designating case complex based on 1.5 terabytes and 750,000 documents).

The qualitative complexity of the charges reinforces what the data makes plain. The Indictment charges a multi-year, multi-tippee insider trading conspiracy spanning years, involving at least four co-conspirators trading through personal brokerage accounts, a hedge fund, and a private fund management company across four publicly traded securities. ECF No. 1 ¶¶ 13-55. The criminal case cover sheet reflects twenty-two related search warrant matters and four related criminal cases. All of which the defense must investigate and scrutinize for pretrial motions and expert engagement.

Securities fraud prosecutions of comparable scope confirm the same result. *See United States v. Gordon*, 710 F.3d 1124 (10th Cir. 2013) (affirming ends-of-justice continuance in securities fraud case involving "hundreds of thousands of documents"); *United States v. Scarfo*, 41 F.4th 136 (3d Cir. 2022) (affirming complex case continuance in prosecution involving one million pages of discovery). Rushing a complex criminal case to trial "does not benefit the public" and risks "a miscarriage of justice." *United States v. Clark*, 717 F.3d 790, 793 (10th Cir. 2013).

No counsel—however diligent—can prepare for a three-week federal securities fraud trial in four months while simultaneously reviewing hundreds of millions of pages of discovery, addressing twenty-two related search warrant matters,

identifying and engaging expert witnesses, and preparing pretrial motions. That is precisely the circumstance § 3161(h)(7)(B)(ii) was written to address.

## B. A Continuance Is Necessary for Effective Preparation under § 3161(h)(7)(B)(iv).

Even if the Court were to conclude that this case does not independently qualify as complex, § 3161(h)(7)(B)(iv) provides an alternative basis for relief. That provision asks a simple question: would denial of the continuance deprive counsel of the reasonable time necessary for effective preparation, given the exercise of due diligence? The answer here is yes.

Counsel entered this case five weeks ago. Despite diligent efforts, substantive review of 12 terabytes of discovery has not begun and will not until May 27, 2026. Counsel cannot consult with Mr. Bortnovsky, retain expert witnesses, file pretrial motions, or develop a defense strategy in the time remaining before October 19, 2026. Courts faced with comparable circumstances have found continuances appropriate. *See, e.g.*, *Schwarz v. United States*, 828 F. App'x 628, 630 (11th Cir. 2020) (vacating conviction and remanding for new trial where defense counsel had twelve weeks to review three terabytes of discovery, forty boxes of records, and 800,000 emails; holding mathematical impossibility of timely review is strong evidence that denial of continuance was abuse of discretion).

Counsel has acted diligently. From the date of *pro hac vice* admission, counsel met and conferred with the Government, coordinated transfer of the discovery record from prior counsel, and engaged a third-party vendor to host and index the

production. No current member of the defense team has reviewed the record and is prepared to proceed. The trial date was set before the attorney-client breakdown that prompted former counsel's withdrawal and prompted the filing of the instant motion.

Mr. Bortnovsky consents to exclusion of the continuance period from the Speedy Trial Act calculation. The ends of justice served by rescheduling trial to the week of March 22, 2027, outweigh the interest of the public and the defendant in a speedy trial.

## II.    The Fifth and Sixth Amendments Independently Support a Continuance

Where denial of a continuance prevents counsel from preparing, it implicates the Sixth Amendment right to counsel and the Fifth Amendment right to due process. *Ungar v. Sarafite*, 376 U.S. 575, 589–90 (1964).

"[A]n unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay" results in "substantial prejudice" to a criminal defendant justifying reversal. *United States v. Saccoccia*, 58 F.3d 754, 770 (1st Cir. 1995) (quoting *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983) (reversing the district court). Courts weigh the reasons for the request, the time needed for effective preparation, case complexity, inconvenience to others, and the likelihood of injustice from denial. *United States v. Rodríguez-Durán*, 507 F.3d 749, 763 (1st Cir. 2007). Where substitution of counsel is involved, courts additionally consider the timeliness of the request, the availability of other prepared counsel, and whether prior continuances have been granted. *United States v. Zimny*, 873 F.3d 38, 46–47 (1st Cir. 2017). Every factor favors a continuance.

The request is timely. Prior counsel did not move to withdraw until May 18, 2026 and May 21, 2026. This motion follows promptly, more than four months before trial. *See Zimny*, 873 F.3d at 46. Current counsel has sought no prior continuance. The trial date was set before the attorney-client breakdown with prior counsel who handled Mr. Bortnovsky's case from his initial appearance. No other current member of the defense team has reviewed the record and is prepared to proceed.

The prejudice from denial is not speculative. It is certain. If the continuance is denied, Mr. Bortnovsky will stand trial with counsel who has had no meaningful opportunity to review 12 terabytes of discovery, consult with him, retain expert witnesses, file pretrial motions, or develop a defense strategy. As the First Circuit has recognized, it may only be on appeal after counsel has had time to review the record that the full magnitude of prejudice can be shown. *Rodríguez-Durán*, 507 F.3d at 765. There is no reason to force that outcome here. Further, there is no prejudice to the Government.

## PROPOSED REVISED SCHEDULE

After consultation with counsel for the Government, Mr. Bortnovsky proposes the following revised schedule:

| | |
|---|---|
| Trial: | Week of March 22, 2027 (or as convenient to the Court); |
| Final Pretrial Conference: | Week of March 1, 2027 (or as convenient to the Court); |
| Pretrial Motions: | February 8, 2027 (or three weeks prior to the Final Pretrial Conference). |

## CONCLUSION

The interests of justice require a continuance.  Defense counsel entered this case mere weeks ago and will not have access to the Government's 12-terabyte production until approximately May 27, 2026.  No member of the current defense team is prepared to proceed to trial in four months on charges the Government estimates will require three weeks to try.  The Government assents.

For these reasons, Mr. Bortnovsky respectfully requests that the Court:

1.  Continue the trial from October 19, 2026, to the week of March 22, 2027, or at such other time as the Court may direct;

2.  Reset all pretrial and motion deadlines consistent with the new trial date; and

3.  Exclude the resulting period from the Speedy Trial Act calculation as an ends-of-justice continuance pursuant to 18 U.S.C. § 3161(h)(7)(A).

## CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 7.1(a)(2)

Undersigned counsel certifies that, prior to filing this motion, counsel conferred with counsel for the United States. The Government assents to the relief requested and has proposed a trial date of the week of March 22, 2027, consistent with the relief requested herein.

[*Intentionally left blank.*]

Respectfully submitted,

Date: 05/22/2026

/s/ Kirsten R. Nelson
Kirsten R. Nelson (*Pro hac vice*)
Florida Bar No. 1071979
Jose A. Baez (*Pro hac vice*)
Florida Bar No. 13232
The Baez Law Firm
1200 Brickell Avenue, Suite 1410
Miami, Florida 33131
knelson@baezlawfirm.com
Jose@baezlawfirm.com
Telephone: (305) 999-5100
 Fax: (305) 999-5111


Leonard E. Milligan III
#668836
28 State St. Ste 802
Boston, MA 02109
len@attorneymilligan.com
Tel. (617) 395-9493
Fax (855) 395-5525

*Counsel for Kris Bortnovsky*

10

## CERTIFICATE OF SERVICE

I, Kirsten R. Nelson, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this date.

Date:   05/22/2026                    */s/ Kirsten R. Nelson*

11